UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:04-cr-49-FtM-29SPC

EDWIN M. MACK
_____

**ORDER**

This matter comes before the Court on defendant's Motion to Sever Counts (Doc. #102) and defendant's Amended Motion to Sever Counts (Doc. #106) filed on April 10, 2005. The Government's Response (Doc. #113) was filed on April 20, 2005. In light of the amended motion, the original motion to sever counts is moot.

Defendant Edwin Mack is charged in a six-count Indictment (Doc. #1) with conspiracy to possession with intent to distribute cocaine base (Count One), distribution of unspecified quantities of cocaine base (Counts Two, Three), possession with intent to distribute fifty grams or more of cocaine base (Count Four), possession of a firearm (a sawed-off shotgun) by a convicted felon (Count Five), and possession of an unregistered firearm (the same sawed-off shotgun) (Count Six). The Indictment also contains forfeiture provisions relating to the drug charges and the firearm charges. Defendant seeks to sever Count Five from the other counts because the Indictment charges, and therefore the government must


prove, two of his felony convictions. These two alleged convictions are for possession of cocaine in 1992 and sale or delivery of cocaine in 1993. This evidence, defendant argues, will create undue prejudice because it will inform the jury of his status as a convicted felon, the prior convictions are of a similar type to the drug charges in the Indictment, and he is not in a position to stipulate to being a convicted felon because the government has filed a notice of enhancement based upon these convictions and others (Doc. #87).

The Court finds that the joinder of Count V with the other counts is proper under Fed. R. Crim. P. 8(a). The Court, however, has the authority to order appropriate relief from even properly joined counts if undue prejudice is created in any given case. Fed. R. Crim. P. 14(a). "[T]here can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. . . .," especially where the prior conviction is similar to the other charges in the pending case. Old Chief v. United States, 519 U.S. 172, 185 (1997). Given the facts and circumstances of this case, the Court will exercise its discretion and bifurcate the trial of Count V from the other counts. The jury will first consider the other counts, and render a verdict on those counts; the parties will thereafter present any additional evidence and argument as to Count V, and the jury will decide that count; thereafter, the court will proceed with the

forfeiture aspects of the case, and the jury will decide that matter.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Sever Counts (Doc. #102) is **DENIED** as moot.

2. Defendant's Amended Motion to Sever Counts (Doc. #106) is **GRANTED** in part to the extent that the Court will bifurcate the trial of Count V.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of June, 2005.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record