# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

UNITED STATES OF AMERICA

-vs-

EDWIN M. MACK

Case Number: 2:04-cr-49-FtM-29SPC

USM Number: 33834-018

Lee Hollander, Esq., CJA
2325 Stanford Court
Naples, Florida 34112

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Count One, Two, Three, Four, Five, Six of the Indictment. Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 | Conspiracy to Possess with Intent to Distribute a Quantity of Cocaine Base, "Crack Cocaine" | February 11, 2004 | One |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) | Distribution of a Quantity of Cocaine Base, "Crack Cocaine" | February 11, 2004 | Two |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) | Distribution of a Quantity of Cocaine Base, "Crack Cocaine" | February 17, 2004 | Three |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) | Possession with Intent to Distribute Fifty Grams or More of Cocaine Base, "Crack Cocaine" | March 2, 2004 | Four |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Possession of a Firearm by a Convicted Felon | March 2, 2004 | Five |
| 26 U.S.C. §§ 5861(d) and 5871 | Possession of a Firearm by a Convicted Felon | March 2, 2004 | Six |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 125 S. Ct. 738 (2005).

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 1, 2005

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

November __2__, 2005

EDWIN M. MACK
2:04-cr-49-FtM-29SPC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **360 Months** as to Count One, Two & Three.

As to Count Four, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Life** .

As to Counts Five & Six, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 Months.**

All terms of imprisonment to run **concurrently**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 3/01) Judgment in a Criminal Case

EDWIN M. MACK
2:04-cr-49-FtM-29SPC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release. As to Counts One, Two & Three, this term shall consist of a term of Six (6) years Supervised Release. As to Count Four, this term shall consist of a term of Ten (10) years Supervised Release. As to Counts Five & Six, this term shall consist of a term of Four (4) years Supervised Release; said periods to run concurrent .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with

AO 245B (Rev. 3/01) Judgment in a Criminal Case

any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

2. The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. You shall submit to a search of your person, residence, place of business, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

4. Having been convicted of a qualifying felony offense, and if not collected by the Bureau of Prisons, the defendant shall cooperate in the collection of DNA as directed by the probation office.

5. The defendant shall refrain from any unlawful use of a controlled substance, and shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer. Based on the Court's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

EDWIN M. MACK
2:04-cr-49-FtM-29SPC

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $600 | Waived | N/A |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**IT IS FURTHER ORDERED** that the defendant shall forfeit to the United States pursuant to the Forfeiture provision of the Superseding Information and the Plea Agreement property used and intended to be used in any manner and part to commit and to facilitate the commission of the violations to wit:

1. **Harrington & Richardson, Inc., 12 gauge "sawed off" shotgun, serial number AM207207.**

AO 245B (Rev. 3/01) Judgment in a Criminal Case

EDWIN M. MACK
2:04-cr-49-FtM-29SPC

## DENIAL OF FEDERAL BENEFITS

### FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

Be ineligible for all federal benefits for a period of PERMANENTLY.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

Denial Federal Benefits Program
U.S. Department of Justice
Office of Justice Assistance
810 7th Street, N.W.
Washington, DC 20531

## DENIAL OF FEDERAL BENEFITS

### FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall successfully complete a drug testing and treatment program.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

Denial Federal Benefits Program
U.S. Department of Justice
Office of Justice Assistance
810 7th Street, N.W.
Washington, DC 20531

AO 245B (Rev. 3/01) Judgment in a Criminal Case