UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWIN M. MACK,

                Petitioner,

vs.                              Case No.  2:07-cv-800-FtM-29SPC
                              Case No.  2:04-cr-49-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____

**OPINION AND ORDER**

      This matter comes before the Court on petitioner Edwin M. Mack's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #186)[1] and supporting Memorandum (Cv. Doc. #2), both filed on December 7, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7) on January 22, 2008, to which Petitioner filed a Brief in Support and Answer to Government's Response (Cv. Doc. #20).  Petitioner filed a Motion to Amend 28 USC 2255 Motion to Vacate Pursuant to F.R.Civil Proc. 15 (Cv. Doc. #8) and supporting Memorandum (Cv. Doc. #9) on February 11, 2008.  The Government filed a Supplemental Response (Cr. Doc.

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

#191) to the motion to amend, to which Petitioner filed an Answer (Cv. Docs. #14, #17).

## I.

On May 12, 2004, a federal grand jury in Fort Myers, Florida filed a six-count Indictment (Cr. Doc. #1) naming petitioner Edwin M. Mack (petitioner or Mack) and John Howard, Jr.  Petitioner was charged in Count One with conspiracy to possess with intent to distribute a detectable amount of cocaine base, crack cocaine; in Count Two with distribution of a detectable amount of cocaine base, crack cocaine; in Count Three with distribution of a detectable amount of cocaine base, crack cocaine; in Count Four with possession with intent to distribute 50 or more grams of cocaine base, crack cocaine; in Count Five with being a felon in possession of a firearm; and in Count Six with possessing an unregistered firearm.  After a jury trial, petitioner was convicted of all counts.  (Cr. Docs. #149, #151.)  Petitioner was sentenced to a total of 360 months imprisonment as to Counts One, Two and Three; Life as to Count Four; and 120 months imprisonment as to Counts Five and Six, with all sentences to run concurrently.  (Cr. Doc. #160.)  Petitioner's convictions and sentences were affirmed in United States v. Mack, 198 Fed. Appx. 799 (11th Cir. 2006).  A petition for a writ of *certiorari* was denied by the Supreme Court on December 4, 2006.  Mack v. United States, 127 S. Ct. 751 (2006).

Petitioner's original motion under 28 U.S.C. § 2255 is timely; the Court will discuss the timeliness of the motion to amend below.

## II.

In Ground One, petitioner asserts that the government and the federal courts lack subject matter jurisdiction over the case. Petitioner argues that Public Law 80-772 and H.R. 3190 granting the government jurisdiction to prosecute and the federal courts jurisdiction to indict, adjudicate, and sentence are unconstitutional on their face and null and void *ab initio* because they violate the Presentment Clause and the Separation of Powers doctrine.  This is so, petitioner asserts, because that the House of Representatives and the Senate passed different versions of Public Law 80-772.  Because of this, petitioner argues that all statutes established by it, including all federal criminal offenses and 18 U.S.C. § 3231, are invalid and unconstitutional.  (Cv. Doc. #1, pp. 2-17; #20, pp. 1-2.)

The government responds in part that the issue of jurisdiction has already been resolved by the Eleventh Circuit decision in this case.  Prior disposition of an issue on direct appeal generally precludes further review in a subsequent § 2255 proceeding.  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000), cert. denied, 531 U.S. 1131 (2001); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995).  While the Eleventh Circuit rejected a jurisdictional argument, Mack, 198

Fed. Appx. at 801-02, it was not the jurisdictional argument presented in the § 2255 petition. Since subject matter jurisdiction cannot be waived, Mack, 198 Fed. Appx. at 802, the Court will consider the current argument.

Petitioner's argument has never been accepted by any federal court. Most recently, United States v. Abdullah, 289 Fed. Appx. 541, 543 n.1 (3d Cir. 2008) stated:

> Abdullah filed a *pro se* brief in response to counsel's Anders motion. Abdullah argues that his guilty plea is void because the criminal jurisdiction statute, 18 U.S.C. § 3231, was never enacted into positive law and is unconstitutional. This argument is without merit. Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. See United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). The statute relied upon for jurisdiction in this case was properly enacted and is binding. Even if the 1948 amendment to § 3231 were somehow defective, the District Court would retain jurisdiction over this case because the predecessor to § 3231, which Petitioner does not challenge, provides for such jurisdiction as well. Id. at 311.

Accordingly, the Court finds that subject matter jurisdiction was proper under 18 U.S.C. § 3231, and Ground One is without merit.

## III.

In Ground Two, petitioner asserts that the government failed to prove every element of the offense charged in the Indictment

because the government failed to prove that the drugs in Count Four were the "crack" form of cocaine base.  (Cv. #2, pp. 18-22; #20, pp. 2-3.)  The Court disagrees for two reasons.

First, this argument has already been rejected by the Eleventh Circuit, which stated: "The evidence at trial established that the drugs found involved crack cocaine".  Mack, 198 Fed. Appx. at 803. There is no reason to allow petitioner to relitigate the issue in the § 2255 petition.

Second, even if the Court was to re-address the merits of the issue, the claim fails.  There is a legal distinction between crack cocaine and the other forms of cocaine base for sentencing purposes.  Initially, the Eleventh Circuit held that all forms of cocaine base were included under U.S. Sentencing Guidelines Manual § 2D1.1(c).  United States v. Rodriguez, 980 F.2d 1375, 1378 (11th Cir. 1992), cert. denied, 509 U.S. 907 (1993).  Effective November 1, 1993, Note D to Sentencing Guideline § 2D1.1(c) was amended to provide that "cocaine base" means "crack" cocaine for purposes of the guideline.  The Note further stated that "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."  The Eleventh Circuit thereafter held that for sentences imposed on and after November 1, 1993, "cocaine base" included only crack cocaine, and any other form of cocaine base must be treated as cocaine hydrochloride for sentencing purposes.  United States v. Munoz-Realpe, 21 F.3d 375, 377 (11th

Cir. 1994); <u>United States v. Camacho</u>, 40 F.3d 349, 354 (11th Cir. 1994).

The testimony of lay witnesses can establish the identity of a controlled substance. <u>United States v. Harrell</u>, 737 F.2d 971, 978-79 (11th Cir. 1984); <u>United States v. Thomas</u>, 288 Fed. Appx. 563, 564 (11th Cir. 2008). A review of the evidence clearly establishes that the government proved that all of the substances involved in this case were "crack" cocaine. Detective Richard Davis testified he has been involved in approximately 150 undercover crack cocaine cases. (Cr. Doc. #175, pp. 37-39.) In this case, On February 11, 2004, Detective Davis went to petitioner's house in an effort to buy crack cocaine from him. (<u>Id.</u> at pp. 39, 41-42, 44, 58-59.) Detective Davis testified that he ultimately asked for and purchased crack cocaine from petitioner through co-defendant John Howard. (<u>Id.</u> at 45-49.) Detective Davis identified Government Exhibit 3 as the crack cocaine he had received. (<u>Id.</u> at 58.) On February 17, 2004, Detective Davis again went to petitioner's residence and obtained crack cocaine from petitioner through a female. (<u>Id.</u> at 59-63.) Detective Davis identified Government Exhibit 4A as the crack cocaine he received. (<u>Id.</u> at 65.) Detective Davis also described the process by which crack was made from powder cocaine. (<u>Id.</u> at 146-47.) On March 2, 2004, a search warrant was executed at petitioner's residence and four crack cocaine cookies weighing over 81 grams were seized from a jacket in the trunk of a vehicle, Government's Exhibit 11. (<u>Id.</u>

at 148-149; Cr. Doc. #176, pp. 193-96.)  In the post-arrest video statement given by petitioner, petitioner stated he had crack cocaine outside his residence for his personal use.  (Cv. Doc. #176, pp. 173-74.)

The testimony of the chemists was not contrary to the testimony of the lay witnesses that the substances involved were crack cocaine.  One chemist testified that "crack" was a street term, not a chemical term.  (Id. at 214.)  While there were no adulterants in the Count Four 81.5 grams of crack cocaine, the presence of adulterants is not determinative of whether the substance is "crack."  The evidence was ample to establish that the substance in Count Four was crack cocaine.  E.g., Berry v. United States, 281 Fed. Appx. 967 (11th Cir. 2008).

Accordingly, Ground Two is barred from further review because it had been decided by the Eleventh Circuit, or alternatively, it is without merit because the evidence is sufficient to establish that the substances were crack cocaine.

**IV.**

Ground Four alleges that the trial court constructively amended the Indictment as to Count Four by giving erroneous jury instructions.  Specifically, petitioner argues that the Indictment was constructively amended as to Count Four by allowing the jury to convict without finding all of the elements, i.e., finding defendant guilty even if the amount of drugs for which he was

responsible was less than the 50 grams set forth in the Indictment. (Cv. Doc. #2, pp. 29-30.)

A jury instruction that constructively amends an indictment constitutes *per se* reversible error because it violates a defendant's constitutional right to be tried only on the charges presented in a grand jury indictment. United States v. Williams, 527 F.3d 1235, 1246 (11th Cir. 2008); United States v. Edwards, 526 F.3d 747, 760 (11th Cir. 2008). A constructive amendment to the indictment occurs where the jury instructions alter the essential elements of the offense to broaden the possible bases of conviction beyond what is contained in the indictment. Edwards, 526 F.3d at 760; United States v. Moore, 525 F.3d 1033, 1045 (11th Cir. 2008); United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990).

The instructions and verdict form in this case allowed the jury to find petitioner guilty or not guilty of possession with intent to distribute cocaine base, crack cocaine, and then called upon the jury to decide whether the amount was 50 grams or more or less than 50 grams.  The jury found petitioner guilty, then determined the amount was 50 grams or more. (Cr. Doc. #149.)  The instructions and verdict form were proper.  The specific quantity of drugs for which a defendant is accountable is not an element of the crime. United States v. Clay, 376 F.3d 1296, 1301 (11th Cir. 2004), cert. denied, 543 U.S. 1192 (2005). Rather, "specification of quantity does not become essential unless the amount of the drugs involved is used to increase the defendant's sentence beyond

the applicable maximum penalty for the smallest detectable quantity." Id. As in this case, the jury decides if that threshold amount was established. Instructing the jury that it may find a defendant guilty of lesser-included offense involving a smaller amount of cocaine base was proper. United States v. Ryan, 289 F.3d 1339, 1345 (11th Cir.), cert. denied, 537 U.S. 927 (2002).

## V.

Ground Three alleges that petitioner's trial and appellate attorneys were ineffective for various reasons. Specifically, petitioner argues that his trial attorney was ineffective by failing to conduct any thorough pre-trial investigation and preparation, failing to present any defense to the government's charges, failing to hold the government to its burden of proof, failing to object to the court's erroneous jury instructions, and failing to object to erroneous sentencing enhancements. (Cv. Doc. #2, pp. 23-28.) Petitioner also asserts that his appellate attorney was ineffective by raising only losing issues on appeal and failing to raise the meritorious issues petitioner now raises in the § 2255 petition. (Cv. Doc. #2, pp. 28-29; #20, pp. 3-7.)

## A. General Principles:

The legal principles concerning ineffective assistance of counsel are well settled. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered

ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  See also Rompilla v. Beard, 545 U.S. 374, 380 (2005); Wiggins v. Smith, 539 U.S. 510, 521 (2003); Williams v. Taylor, 529 U.S. 362 (2000).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel.  Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would

have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel.  Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**B.  Failure to Prepare:**

Petitioner argues that his trial attorney was ineffective because he failed to prepare for trial with regard to the testimony of Officer Vincent Doyle.  (Cv. Doc. #2, pp. 23-27.)  As summarized by the Eleventh Circuit:

> During its case-in-chief, the government notified the court that it wished to call Vincent Doyle, a witness for the defense, to testify about a traffic stop involving Howard and Mack that resulted in Howard's arrest on drug charges unrelated to the instant charges. Mack did not object. The court indicated that it normally would not allow such testimony because it did not relate to the instant charges, but after defense counsel stated that he wanted the testimony to come in, the court allowed the testimony. Doyle then testified that he had arrested Howard on drug charges during a routine traffic stop. Mack was a passenger in the car, but police did not find any drugs on him. The court instructed the jury that the crack found on Howard was not part of the conspiracy.

Mack, 198 Fed. Appx. at 800-01.  Defense counsel did not object because, as he told the Court at the time, he planned on calling Officer Doyle as a defense witness.  (Cr. Doc. #175, pp. 101-02.)  Defense counsel had a strategic reason to call Officer Doyle which was dependent on petitioner testifying, but petitioner declined to testify because he believed Officer Doyle had lied.  (Cr. Doc.

#176, pp. 291-94.)   Contrary to petitioner's argument, defense counsel was not caught off guard from lack of preparation or a theory of defense.   Rather, petitioner's decision not to testify caused counsel to adjust his course in mid-trial.   It was a reasonable trial strategy to shift the responsibility for the drugs upon the absent co-defendant.

## C.  **Failure to Object:**

Petitioner argues that his trial attorney was ineffective because he failed to object to various things.  (Cv. Doc. #2, pp. 27-28.)

Petitioner asserts that his attorney provided constitutionally ineffective assistance by failing to object to the racially unbalanced make-up of the jury, which was not representative of petitioner's race or the ethnic make-up of the district.  (Cv. Doc. #2, p. 27.)  While a defendant in a criminal case has the right to have the petit jury drawn from a source fairly representative of the community, there is no requirement that the petit jury actually chosen mirror the community and reflect the various distinctive groups in the population.  Holland v. Illinois, 493 U.S. 474, 483 (1990).   To establish a violation of the fair cross-section requirement, a defendant must prove: (1) the alleged under-represented group is distinctive; (2) the group was systematically excluded from the jury source; and (3) the under-representation is unfair and unreasonable.   Berryhill v. Zant, 858 F.2d 633, 638

(11th Cir. 1988); <u>United States v. Downs</u>, 217 Fed. Appx. 841, 844 (11th Cir. 2006).   There is no evidence as to the racial composition of the jurors summoned in this case, the racial composition of the jury, or the racial composition of the district or division where petitioner was tried.   Additionally, there is no evidence of systematic exclusion or that any under-representation was unfair or unreasonable.   Absent such evidence, it was not ineffective performance to fail to object to the composition of the jury.

Petitioner also argues that it was ineffective assistance of counsel to fail to object to the lack of evidence that the substance was "crack" cocaine at trial and sentencing.   Petitioner further argues counsel should have objected when the Court enhanced the sentence based upon 50 grams or more of "crack" cocaine.   (Cv. Doc. #2, p. 27.)   As discussed above, there was ample evidence that the substance involved in this case was crack cocaine, and an attorney is not ineffective in failing to make a meritless objection.

Petitioner argues counsel should have objected when the Court found he had waived his right to review the Presentence Report. (Cv. Doc. #2, p. 27.)   Petitioner advised the Court that he had read the Presentence Report, but he refused to discuss it with counsel because he did not feel counsel was representing him. Based upon this refusal the Court found that petitioner had waived or forfeited his right to confer with counsel regarding the

Presentence Report.  (Cr. Doc. #177, pp. 3-5.)  Defense counsel was not ineffective in failing to object to this finding.

Petitioner seems to imply that his attorney was ineffective in failing to give a closing argument.  (Cv. Doc. #2, p. 23.) However, during the trial the Court inquired of petitioner as to this matter, and petitioner concurred with his attorney's decision to waive the closing argument.  (Cr. Doc. #289-296, 298.)

Petitioner also argues, without providing any details, that his trial attorney was ineffective by failing to present any defense to the government's charges, failing to hold the government to its burden of proof, failing to object to the court's erroneous jury instructions, and failing to object to erroneous sentencing enhancements.  The Court finds that none of these arguments are supported by the record.

## D.  Appellate Counsel:

Petitioner argues that his appellate attorney provided ineffective assistance of counsel by raising issues which "were guaranteed to fail" but overlooked several "dead-bang winners." (Cv. Doc. #2, p. 29.)  Specifically, petitioner argues that his appellate attorney failed to raise the issues presented in the § 2255 petition that the government failed to prove every element of Count Four, the constructive amendment of the Indictment, and ineffective assistance of counsel since the errors were all part of the record.  (Cv. Doc. #2, pp. 28-29; #20, pp. 7-10.)  The Court finds no ineffective assistance of appellate counsel.  For the

-14-

reasons stated earlier, none of the issues petitioner raises have merit, and an appellate attorney is not ineffective in failing to raise meritless issues on appeal.

**VI.**

Petitioner filed a Motion to Amend his § 2255 petition and supporting memorandum raising the following issues: (1) trial counsel was ineffective in failing to object to the sentencing court's erroneous calculation of his sentence based upon the 100:1 crack vs. powder cocaine ratio; and (2) trial counsel was ineffective in failing to pursue an evidentiary hearing regarding a Fourth Amendment claim petitioner asserted during trial and at his sentencing. (Cv. Docs. # 8, 9.) The government contends the motion is untimely. (Cr. Doc. #191, p. 3.)

The Court finds that these claims are barred because they were filed beyond the one year statute of limitations, 28 U.S.C. § 2255(f), and do not relate back to the original petition. Petitioner's conviction became final on December 4, 2006, when the United States Supreme Court denied his petition for *certiorari*. Petitioner therefore had until December 5, 2007 to file his § 2255 petition. Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). The original petition was filed on December 11, 2007. Giving petitioner credit under the mailbox rule, Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008), the petition was deem filed on December 4, 2007, and was therefore timely. The Motion to Amend

was filed on February 11, 2008; again giving petitioner credit under the mailbox rule, the Motion to Amend is deemed filed as of February 7, 2008.  None of the issues raised in the Motion to Amend relate back to the original petition because it raises new grounds for relief supported by facts that differ in both time and type from those in the original motion.  <u>Mayle v. Felix</u>, 545 U.S. 644 (2005).  Accordingly, the issues raised in the Motion to Amend are untimely and will be dismissed.

Accordingly, it is now

**ORDERED**:

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.   Petitioner's Motion to Amend 28 USC 2255 Motion to Vacate Pursuant to F.R.Civil Proc. 15 (Cv. Doc. #8) is **DENIED**.

3.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of December, 2008.

JOHN E. STEELE
United States District Judge

Copies:

AUSA Casas
Edwin M. Mack

-16-