UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                              Case No. 2:04-cr-49-FTM-29SPC

EDWIN M. MACK

_____

### OPINION AND ORDER

This matter is before the Court on defendant Edwin M. Mack's *pro se* Memorandum in Support for Reduction of Sentence (Doc. #194), pursuant to 18 U.S.C. § 3582(c)(2), filed on September 28, 2010, and deemed to include a motion for reduction of sentence. Defendant seeks a reduction in his sentence in light of Amendments 706, 711, 712, and 713 to the United States Sentencing Guidelines, which reduce the base offense level for cocaine base offenses by two levels, and provide further reductions based upon the crack cocaine-powder cocaine sentencing disparity.  The United States filed a Response in Opposition (Doc. #195) on October 8, 2010.

**I.**

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  A district court may, however, modify a sentence in the specific circumstances set forth in § 3582(c).  United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008).  One such circumstance is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

18 U.S.C. § 3582(c)(2).  In such a case, a federal court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.  Dillon v. United States, 130 S. Ct. 2683, 2688-89 (2010).  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B); Dillon, 130 S. Ct. at 2691.

## II.

On May 12, 2004, a federal grand jury in Fort Myers, Florida returned a six-count Indictment (Doc. #1) naming Edwin M. Mack (defendant or Mack) and John Howard, Jr. as defendants.  Defendant Mack was charged in Count One with conspiracy to possess with intent to distribute a detectable amount of cocaine base, crack cocaine; in Count Two with distribution of a detectable amount of cocaine base, crack cocaine; in Count Three with distribution of a detectable amount of cocaine base, crack cocaine; in Count Four with possession with intent to distribute 50 or more grams of cocaine base, crack cocaine; in Count Five with being a felon in

2

possession of a firearm; and in Count Six with possessing an unregistered firearm. The government filed a notice of enhancement pursuant to 21 U.S.C. § 851 (Doc. #87) as to Counts One through Four, which increased the penalty to thirty years imprisonment for the first three counts and a mandatory life imprisonment as to Count Four. After a jury trial, defendant was convicted of all counts. (Docs. #149, #151.)

Defendant was sentenced to 360 months imprisonment on each of Counts One, Two and Three; Life imprisonment as to Count Four; and 120 months imprisonment each as to Counts Five and Six, with all sentences to run concurrently. (Doc. #160.) The Eleventh Circuit summarized the calculation of the Sentencing Guidelines as follows:

> The probation officer prepared a presentence investigation report ("PSI"), grouping the offenses together under U.S.S.G. § 3D1.2(c) and (d) and assigning a base offense level of 32 based on the amount of drugs. This level was increased by 2 for possession of a firearm, § 2D1.1(b)(1), and by 2 for role in the offense, § 3B1.1(c), resulting in a total offense level of 36. Mack, however, qualified as a career offender under § 4B1.1; therefore, his offense level was raised to 37. The probation officer then listed the prior convictions, including several prior drug convictions, resulting in a criminal history category IV. Because Mack was a career offender, the criminal history category was raised to VI.

> The probation officer noted that the government had filed for an enhancement under 21 U.S.C. § 851. As a result, Mack faced a statutory mandatory term of life imprisonment on Count 4. Under the sentencing guidelines, Mack faced a range of 360 months to life imprisonment, but that range became life under U.S.S.G. § 5G1.1(c)(2) due to the statutory life term on Count 4. Mack made no objections to the PSI.

> At sentencing, Mack made no objections to the PSI,

but moved for a downward departure based on his age and health. Mack refused to admit or deny his prior convictions. The court denied the downward departure, finding no basis for it under the facts, and noting that it had no discretion because Count 4 carried a mandatory life sentence. The court adopted the PSI and, after considering the sentencing factors of 18 U.S.C. § 3553(a), sentenced Mack to 360 months on Counts 1 through 3, 120 months on Counts 5 and 6, and a mandatory life imprisonment on Count 4, all to run concurrently. Mack made no objections to the sentence. [ ]

United States v. Mack, 198 Fed. Appx. 799, 801 (11th Cir. 2006). Petitioner's convictions and sentences were affirmed on direct appeal.

A petition for a writ of *certiorari* was denied by the Supreme Court on December 4, 2006. Mack v. United States, 127 S. Ct. 751 (2006). Defendant subsequently filed a timely motion under 28 U.S.C. § 2255, which was denied on December 30, 2008. (See Opinion and Order, Doc. #192.)

## III.

Defendant Mack is not eligible for a reduction of his sentences in Counts Five and Six. These two counts charged firearms offenses, and their Sentencing Guidelines ranges were not affected by Amendments 706, 711, 712, or 713, which relate only to "crack" cocaine convictions. The Court has no authority to grant a sentence reduction under § 3582(c)(2) as to these counts, and therefore the motion is dismissed as to Counts Five and Six.

Count Four, charging defendant with possession with intent to distribute 50 or more grams of cocaine base, carried a statutory

mandatory minimum sentence of life imprisonment after the § 851 enhancement. Amendments 706, 711, 712, and 713 do not authorize a court to reduce a sentence below the statutory mandatory minimum sentence. United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010).

As to Counts One, Two, and Three, defendant Mack is not eligible for a sentence reduction pursuant to Amendments 706, 711, 712, or 713 because the original sentence was not based on the drug quantity or type, but upon his qualification as a career offender. As the Eleventh Circuit recently stated:

> If, however, the original sentence was based on something other than offense level calculations under § 2D1.1 (i.e., a statutory mandatory minimum or a career offender classification), an amendment may not affect the sentencing range, and the defendant would be ineligible for a reduction under § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(B)(2008); United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008) (affirming the district courts' denials of sentence reduction where the defendants' sentencing ranges were based on their career offender designations).

Mills, 613 F.3d at 1076. Therefore, the amendments do not have the effect of lowering defendant Mack's Sentencing Guidelines range, and his is not eligible for a sentence reduction under § 3582(c)(2).

Contrary to defendant's argument, neither United States v. Booker, 543 U.S. 220 (2005) nor Kimbrough v. United States, 552 U.S. 85 (2007) authorize a court to impose a sentence below the statutory mandatory minimum sentence. United States v. Gomes, No.

1-11225, ____ F.3d ____, 2010 WL 3810872, *1 (11th Cir. Oct. 1, 2010).   Booker is not applicable to a Section 3582(c)(2) proceeding.  Dillon, 130 S. Ct. at 2692; United States v. Douglas, 576 F.3d 1216, 1218-19 (11th Cir. 2009).   Further, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), does not apply because defendant's offenses were committed prior to its enactment.  Gomes, 2010 WL 3810872, *2.  Therefore, the motion will be denied as to Counts One, Two, and Three.

Additionally, because defendant is proceeding *pro se*, the Court has construed his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).  The Court finds no other basis for jurisdiction to modify or reduce the sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant Edwin M. Mack's *pro se* Memorandum in Support for Reduction of Sentence (Doc. #194), deemed to include a motion for reduction of sentence, is **DISMISSED** as to Counts Four and Five and is otherwise **DENIED** as to Counts One, Two, and Three.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of October, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Edwin M. Mack
U.S. Probation