UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:04-cr-49-FtM-29SPC

EDWIN M. MACK

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Restore Eligibility to Apply for Federal Financial Aid (Doc. #202) filed on October 31, 2017. The United States' Response in Opposition (Doc. #204) was filed on November 14, 2017. The Court took the motion under advisement in a prior Opinion and Order (Doc. #205), pending an evidentiary hearing. The Court held an evidentiary hearing on January 4, 2018 and heard testimony from Defendant and his son, as well as argument from counsel for Mack and the government. For the reasons set forth below, the Court grants Defendant's motion.

**I.**

On July 13, 2005, defendant Edwin M. Mack (Defendant or Mack) was convicted by a jury of multiple drug and firearms offenses (Doc. #151). On November 1, 2005, Mack was sentenced to serve concurrent terms of 120 months, 360 months, and life imprisonment (Doc. #160). Because Mack had three or more prior drug trafficking convictions, the Court also determined that Mack was permanently

ineligible for certain Federal benefits pursuant to 21 U.S.C. § 862(a)(1)(C).

On August 3, 2016, then-President Barack Obama commuted Mack's sentence on the ground that Mack "demonstrated the potential to turn [his] life around."  (Doc. #202-1.)  Defendant was released from prison in September 2016, released from a halfway house on January 1, 2017, and is currently serving a cumulative ten year period of supervised release.  Defendant has been taking online classes at a local college for approximately ten months, with a goal of obtaining a bachelor's degree in Human Services. Mack's tuition and books have been paid for by the Florida Department of Education's Vocational Assistance Program.  Mack has also sought further educational financial aid, but his application was denied in light of the permanent ineligibility for Federal benefits imposed in this case.

Defendant now asks the Court to suspend that permanent period of ineligibility as it relates to educational benefits, citing 21 U.S.C. § 862(c)(B) and his current "rehabilitation."  Such an order would not grant Mack any actual benefits, but it would allow the appropriate agency to consider his benefits application on the merits if he is otherwise eligible.  The United States continues to oppose the request on several grounds.

**II.**

Defendant's motion is governed by various portions of 21 U.S.C. § 862.  Under § 862(a), a drug trafficker, i.e., a defendant

convicted of distributing controlled substances, may, and in some cases must, be declared ineligible to receive certain Federal benefits.[1]  Specifically, subsection (a)(1) provides:

> **(1)** Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall—
>
> **(A)** at the discretion of the court, upon the first conviction for such an offense be ineligible for any or all Federal benefits for up to 5 years after such conviction;
>
> **(B)** at the discretion of the court, upon a second conviction for such an offense be ineligible for any or all Federal benefits for up to 10 years after such conviction; and
>
> **(C)** upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits.

21 U.S.C. § 862(a)(1)(A)-(C).[2]  As to subsection (a)(1)(C) specifically, what little appellate authority exists interpreting that provision indicates that it is mandatory, United States v. Littlejohn, 224 F.3d 960, 967 (9th Cir. 2000), and that permanent

---

[1] Under this statute, "Federal benefits" means "the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States," but "does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit."  21 U.S.C. § 862(d)(1).

[2] Subsection (b) of 21 U.S.C. § 862 similarly requires a court to declare a drug possessor ineligible for certain Federal benefits, but only for a maximum of five years.  That subsection is not at issue in this case.

ineligibility occurs immediately upon conviction. United States v. Peacock, 571 F. App'x 411, 416–17 (6th Cir. 2014).

The second relevant statutory provision, subsection (c), effectively restores eligibility for Federal benefits by mandating "suspen[sion]" of the "period of ineligibility" under certain circumstances. 21 U.S.C. § 862(c). This portion of the statute provides:

> **(c)** The period of ineligibility referred to in subsections (a) and (b) of this section shall be suspended if the individual—
>
> **(A)** completes a supervised drug rehabilitation program after becoming ineligible under this section;
>
> **(B)** has otherwise been rehabilitated; or
>
> **(C)** has made a good faith effort to gain admission to a supervised drug rehabilitation program, but is unable to do so because of inaccessibility or unavailability of such a program, or the inability of the individual to pay for such a program.

21 U.S.C. § 862(c).[3]

## III.

Mack asserts that he "has otherwise been rehabilitated" within the meaning of § 862(c)(B), and therefore the mandatory

---

[3] Mack also appears to invoke § 862(a)(2) as a basis for relief (Doc. #202, p. 3), but that provision applies to "benefits relating to long-term drug treatment programs," not to educational benefits.

permanent period of ineligibility "shall" be suspended as to the federal educational benefits he seeks.  The government challenges the Court's jurisdiction to grant such relief, and even if jurisdiction is present, opposes Mack's request on the merits.  As clarified at the evidentiary hearing, the Government believes: (1) it is not clear that courts have jurisdiction to suspend a defendant's benefits ineligibility period; (2) even if courts do possess such authority, as a matter of law a *permanent* period of ineligibility may never be suspended; (3) the fifteen months Mack has been out of jail is too short a period of time for someone with his lengthy criminal history to become rehabilitated, and (4) Mack is, in fact, not rehabilitated.

**A.   The Court's Jurisdiction to Suspend Benefits Ineligibility**

A threshold issue is whether a district court has subject matter jurisdiction to consider a motion to suspend federal benefits eligibility.  If not, any order by this Court on Mack's motion would be "a nullity."  United States v. Lopez, 287 F. App'x 837, 839 n.3 (11th Cir. 2008) (per curiam) (citing In re Novak, 932 F.2d 1397, 1401-02 (11th Cir. 1991)).

"The law is clear that [a] district court has no inherent authority to modify a [criminal] sentence; it may do so only when authorized by a statute or rule."  United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002)).  Mack's sentence included a determination that because he had three or more prior

drug trafficking convictions, he was permanently ineligible for federal benefits. (Doc. #160, p. 7.) Suspending this ineligibility would amount to a judicial modification of Mack's sentence and must, therefore, be authorized by statute or rule.

Title 21 U.S.C. § 862 is the only possible basis for jurisdiction identified by Defendant. From its language and structure, the Court finds that § 862 grants courts power, i.e., jurisdiction, to both declare a defendant ineligible for Federal benefits and to suspend that ineligibility for Federal benefits.

Title 21 U.S.C. §§ 862(a)(1)(A) and (B) expressly grant courts the discretionary power to declare a defendant ineligible to receive Federal benefits for finite periods of time up to five years or ten years, respectively. In contrast, Section 862(a)(1)(C) mandates permanent ineligibility, but omits specific reference to the court. It could hardly be argued, however, that a court lacks the authority to impose permanent ineligibility simply because the word "court" is omitted from §862(a)(1)(C). Similarly, although 21 U.S.C. § 862(c) does not explicitly state *who* possesses the authority to suspend a prior declaration of benefits ineligibility, it is a fair and reasonable construction of this provision, and the statutory scheme as a whole, to find that Congress intended to grant courts the power to suspend a judicially imposed period of ineligibility, so long as § 862(c)'s requirements are satisfied.

Indeed, the statute has been consistently read to provide such authority to the courts. The United States Department of Justice's Office of Justice Programs' 1990 "Guidelines" on the "denial of federal benefits for certain drug offenders" indicates that courts are presumed to possess such suspension authority. (Doc. #205-1, p. 4.) Except in this case, the public position of the Department of Justice has been that "[t]he period of ineligibility shall be suspended **by the court** upon [the requisite rehabilitation] showing."[4] The Administrative Office of the United States Courts has even created a form order (AO Form 249) for district judges to use in response to suspension requests. Neither party has presented a single case in which a court has questioned the judiciary's suspension authority. Accordingly, the Court concludes that it has jurisdiction to decide Mack's motion to suspend his benefits ineligibility.

**B. Potential Statutory Limitation on Suspension Authority**

In its Opinion and Order setting the evidentiary hearing, the Court stated that the statutory authority to suspend a period of ineligibility applies to both periods of permanent ineligibility and shorter, non-permanent terms of ineligibility. (Doc. #205, p. 5.) At the evidentiary hearing, the government again argued that, as a matter of statutory construction, courts cannot suspend

---

[4] Bureau of Justice Assistance - Department of Justice, "Denial of Benefits (DFB): Overview," https://www.bja.gov/Programs/dfboverview.html (emphasis added) (last accessed January 22, 2018).

permanent periods of benefits ineligibility imposed under Section 862(a)(1)(c). The government argues that Section 862(c) contemplates suspension only of those ineligibility sentences that are for a "period of time" and, as a definitional matter, a "permanent" amount of time cannot qualify as a "period of time."

The Court again rejects that position and reaffirms its previous conclusion that, as a matter of statutory construction, a court's suspension authority extends to both fixed-term and permanent periods of ineligibility. The text of Section 862(c) specifically provides that "[t]he period of ineligibility referred to in subsections (a) and (b) of this section shall be suspended if the individual" satisfies one of three rehabilitation conditions. 21 U.S.C. § 862(c). Nothing inherent in the phrase "period of ineligibility" excludes "permanent" ineligibility from being a "period" of ineligibility. Congress chose to use singular "period of ineligibility" language to refer to subsections (a) and (b) in their entireties. Had Congress wanted to except subsection (a)(1)(C) because a "permanent" ineligibility is not a "period of eligibility" for which suspension is available, it could have done so, see United States v. Williams, 541 F.3d 1087, 1090–91 (11th Cir. 2008) ("If the legislature had intended to permit a lifetime ban on federal benefits to persons who were in possession of a controlled substance with the intent to distribute, it could

have said so."), but it did not.[5] See Littlejohn, 224 F.3d at 964 ("Pursuant to 21 U.S.C. § 862(a)(1)(C), upon a third or subsequent conviction for distribution of a controlled substance, the defendant shall be permanently ineligible for such benefits, **unless ineligibility is suspended by the court under 21 U.S.C. § 862(c).**" (citing pre-sentencing report) (emphasis added)).

Accordingly, the Court concludes that if a district court has jurisdiction to declare a defendant ineligible for Federal benefits, as discussed above, it also has statutory authority to suspend such ineligibility, including permanent ineligibility, for Federal Benefits under 21 U.S.C. § 862(c). As a result, the court has statutory authority to suspend Mack's permanent ineligibility for Federal benefits under 21 U.S.C. § 862(c) if he qualifies under the statute. The factual question thus becomes whether Mack has satisfied one of Section 862(c)'s three alternative rehabilitation conditions.

**C. Mack's Rehabilitation Under Section 862(c)(B)**

Mack asserts that he is "otherwise rehabilitated" under 21 U.S.C. § 862(c)(B) and therefore must have his eligibility for educational benefits restored. The government disagrees, arguing that (1) as a matter of law, too short a period of time has expired for Mack to be rehabilitated, and (2) even if rehabilitation is

---

[5] To the extent there is textual ambiguity, this Court is "obliged to favor the more lenient" reading. Williams, 541 F.3d at 1091.

possible within that time period, Mack is not in fact rehabilitated.

The statute does not define "otherwise . . . rehabilitated," but the parties agreed at the evidentiary hearing that it generally means a return to a normal, crime-free, drug-free life. The Court will utilize this agreed-upon concept.

**(1) Whether the Time Elapsed Is Inherently Too Short f or Rehabilitation**

The Government argues that the approximately 15 months Mack has been on supervised release is far too short for him to be considered otherwise rehabilitated, even though the government does not dispute Mack's accomplishments in that time period. At the evidentiary hearing, government counsel could not specify exactly what period of time would be long enough, but was confident that the undersigned's experience would allow the Court to "know it when you see it." Given Mack's prior criminal history, the government seemed to suggest that that an appropriate rehabilitation period is about a dozen years.

The "know it when you see it" standard provides the Court, and the parties, with little guidance. The Court agrees, however, that an individualized determination of rehabilitation, after considering all the available facts and circumstances, is appropriate. The defendant's criminal history and the duration and nature of the new behavior are certainly appropriate factors to consider, although not an exhaustive list.

It also seems clear that the "otherwise rehabilitated" suspension condition should not be interpreted in a manner that is disproportionately stringent when compared to the other two statutory rehabilitation avenues set forth in subsection 862(c). Those avenues allow a defendant to have the period of ineligibility suspended if he "completes a supervised drug rehabilitation program after becoming ineligible under this section" or "has made a good faith effort to gain admission to a supervised drug rehabilitation program, but is unable to do so because of inaccessibility or unavailability of such a program, or the inability of the individual to pay for such a program." 21 U.S.C. §§ 862(c)(A), (C). While Section 862 does not itself provide further guidance on those provisions, the Code of Federal Regulations indicates that attendance at a program lasting 180 days (or, if not feasible, abstention from drug use for at least 180 days) is sufficient to find a defendant convicted of drug possession to be "rehabilitated." 45 C.F.R. § 78.2. The duration of Mack's 15 months of exemplary, crime-free behavior stands up well in comparison. The Court therefore rejects the government's argument that Mack has not been well-behaved for a long enough period to be considered "otherwise rehabilitated."

**(2) Rehabilitation "In Fact"**

The final question is whether Mack is actually "otherwise rehabilitated." The relevant factual record is not disputed:

Mack is sixty-four years old and has spent a substantial portion of his adult life in prison. He admits to having been addicted to crack cocaine for about ten years, but states that he kicked the habit while serving a state prison sentence. He contends that he has been "clean" for about twenty-five years, which the government does not dispute.[6]

Being free from his drug-use addiction did not stop Defendant from selling drugs, however. According to Mack's testimony at the evidentiary hearing, at the time of his most recent federal conviction in 2005, he was not addicted to using drugs but was addicted to selling drugs. Mack testified that he has overcome that addiction, with the help of various courses he attended while in prison.

Mack was released from prison in September 2016 and began his term of supervised release on December 1, 2016. He was released from the halfway house on January 1, 2017 and has since been living in an apartment. He obtained a driver's license and a car, and he attends church regularly. Mack has been receiving Social Security disability benefits since December 2016, which now amount to approximately $750.00 a month. Mack also receives food stamps of $196.00 a month. His utilities and other bills are paid using additional funds provided by local churches.

---

[6] Mack's current drug-free status has been confirmed by drug testing conducted while on supervised release.

Mack started taking classes a local college in March 2017. He is a full-time student working on a degree in Human Services, and a Florida state program pays for his tuition and books. Mack testified that, upon finishing his degree, he wants to find a job helping those who, like him, have struggled with addiction. The record includes documents showing Mack's solid scholastic performance and the absence of any drug-related (or other criminal) activity since his release from federal prison.

Based on this undisputed record, the Court finds Mack to currently be "otherwise rehabilitated" under 21 U.S.C. § 862(c)(B).[7] Accordingly, the Court "shall" suspend Mack's ineligibility for federal educational benefits.

**D. Final Observations**

The Court makes two final observations: First, in concluding that Mack is otherwise rehabilitated, the Court intimates no view on whether Mack should receive any educational benefits, or if he is otherwise eligible for such benefits. All that the Court's suspension of ineligibility does is allow the appropriate agency to consider Mack's application for such benefits without the bar created by the Section 862 ineligibility.

---

[7] At the hearing, the government argued that the fact that Mack will use any benefits obtained to pay his rent and other bills while in school mitigates against a finding of rehabilitation. So long as Mack uses the funds in a manner consistent with the terms of the Federal benefit, the particular expenses to which Mack will apply benefits is not of any import to the issue of whether he is "otherwise rehabilitated."

Second, the statute permits "suspension" of ineligibility, not a complete removal.  What the Court can suspend, it can also reinstate.  If Mack's future conduct shows that he is no longer "otherwise rehabilitated," the Court can terminate the suspension and restore his permanent ineligibility period.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Restore Eligibility to Apply for Federal Financial Aid (Doc. #202) is **GRANTED** to the extent that the Court finds defendant is currently "otherwise rehabilitated" within the meaning of 21 U.S.C. 862(c)(B) and may apply for federal educational benefits.

**DONE and ORDERED** at Fort Myers, Florida, this 26th day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation